FRANCIS A. GASKILL *vs.* JOHN GREEN & others.

Worcester.    October 3, 1890. — November 28, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Trust — Appointment of Trustee — Qualifications.*

Upon a petition for the appointment of a trustee of a fund, it cannot be said that, necessarily and as matter of law, he is incompetent because he is a surety upon a bond of the *cestui que trust*, given by her as executrix of her husband, the former trustee, against whose estate, which far exceeds the trust fund in amount, and of which she is sole legatee, a claim appearing to be groundless is made by those ultimately entitled to the fund.

APPEAL from a decree of the Probate Court appointing Francis A. Gaskill trustee of a fund created by the will of John Green. Hearing before *Holmes*, J., who, at the request of the appellants, reported the case for the consideration of the full court, in substance as follows.

Meltiah B. Green received the fund in question, which was bequeathed to him for life by John Green, and has now died leaving no children. His widow, Mary S. Green, who survives him and is entitled to the income of the fund for her life, requests and desires the appointment of Mr. Gaskill. The appointment is opposed by the appellants, who are persons entitled to half of the fund after her death; she is now seventy-nine years old. Mr. Gaskill has been her counsel in some matters distinct from the present, but is not acting for her in this case, and is not in any way personally prejudiced as between her and the appellants. The

only ground of opposition requiring consideration was based on the fact that Mrs. Green is the executrix of her husband's will, and that Mr. Gaskill is a surety on her bond as such executrix, with another solvent person, for $10,000; and that, if her husband should be found to be chargeable in any way to the trust fund, the estate in her hands would be chargeable. Her husband left all his property, amounting to much more than the trust fund, to her, and his estate owes no debts. The trust fund exists *in specie*, and the securities in which it is invested have not declined through his fault, but, on the contrary, so far as appears, have risen in value, and there is no doubt that the fund is ready to be turned over. The only specific ground on which it was suggested that the husband's estate might be chargeable was that there was received by him from the estate of John Green, and receipted for in a lump sum with the capital, but on a distinct understanding and statement that it was received as interest, the sum of $3,244.35, being accrued interest on the fund since the death of John Green. This the appellants claim should be accounted for by the husband's estate as added to the principal under the terms of the will of John Green, because it was not actually expended or applied by the husband in his lifetime. There seems to be no ground for the claim, or ground to doubt that Mr. Gaskill will do whatever is required by impartial dealing between the parties concerned.

The judge refused to rule that the foregoing facts necessarily and as matter of law made Mr. Gaskill incompetent, and found that he is a proper person to be appointed, and ought to be appointed; and ordered the decree of the Probate Court to be affirmed.

If the refusal to rule as requested was correct, the decree of the Probate Court was to be affirmed; otherwise, such decree was to be made as to the court might seem proper.

*W. S. B. Hopkins & F. B. Smith*, for the appellants.

*F. P. Goulding*, for the appellee.

FIELD, C. J. It is impossible to hold, on the facts found and reported, that the appellee " necessarily and as matter of law " is incompetent to be appointed trustee, and this is the only question reserved by the report.

*Decree affirmed.*